# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 8436 | **DATE** | September 25, 2012 |
| **CASE TITLE** | *Reason Lee v. Cook County* | | |

**DOCKET ENTRY TEXT**

Plaintiff Reason Lee's motion for an extension of time to file a notice of appeal [26] is denied.

■ [ For further details see text below.]                           Docketing to mail notices.

00:00

## STATEMENT

Plaintiff Reason Lee sued the defendants for job discrimination. On August 21, 2012, the court entered judgment in favor of the defendants, concluding that the claim of discriminatory demotion Lee raised in this case was barred by the doctrine of *res judicata* because it could have been raised in an earlier case Lee filed alleging a discriminatory failure to promote. *See* Docket #25.

Under Federal Rule of Appellate Procedure 4(a)(1)(A), Lee had 30 days from the August 21 entry of judgment to file a notice of appeal. This he did not do. Instead, on the 30th day his counsel filed a motion to extend his time to appeal by 30 days or, alternatively, by 7 days. Counsel sets out the basis for the request as follows:

> Plaintiff and his attorney have discussed the possibility of prosecution of appeal of the decision, and the probable outcome and efficacy of such an appeal. Plaintiff's attorney wishes to conduct additional research as to the issues raised by the Court's written opinion granting Defendant's Motion for Judgment on the Pleadings so as to more completely guide Plaintiff as to whether the Court of Appeals may reverse in view of the 2011 *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011), opinion referenced by the Court as well as by the parties in their briefs. Plaintiff's attorney has been unable to complete such research in time due to his commitments in other matters.

Motion [26-1] at 1, 2.

Under Federal Rule of Appellate Procedure 4(a)(5)(A), the district court may extend by up to 30 days the time to appeal if the party (1) files a motion for an extension no later than 30 days after his time to appeal was set to expire, and (2) the party shows excusable neglect or good cause. Lee has satisfied the first

**STATEMENT**

prerequisite—he filed his motion for an extension on the very day his 30 days to appeal was set to expire. He contends that he has also satisfied the second prerequisite because counsel's inability to finish conducting additional research constitutes good cause (Lee does not address excusable neglect, and so neither shall the court).

According to the Advisory Committee Notes for the 2002 Amendments to Rule 4, the "good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Fed. R. App. P. 4 (notes to 2002 Amendments); *see also Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012) (good cause consists of events outside the control of counsel).

The good cause identified by counsel is his lack of time to perform needed research "due to his commitments in other matters." Motion [26-1] at 2. However, in analogous contexts, an attorney's heavy workload has been held not to provide a basis for a finding of good cause for missing a deadline. For instance, in *Mississippi v. Turner*, 498 U.S. 1306, 1306 (1991), Justice Scalia held that "counsel's overextended caseload is not 'good cause shown'" for an extension of the time to file a petition for a writ of certiorari "unless the result of events unforeseen and uncontrollable by both counsel and client." Likewise, in *Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 357 (3d Cir. 2011), the Third Circuit held that counsel's other obligations at the time a petition for a writ of certiorari was due appealing a decision of the Supreme Court of the Virgin Islands did not provide good cause for extending the deadline:

> While appellate counsel contends that he had other obligations during the week when the certiorari petition was due, he does not claim to have been unaware of those obligations well in advance, nor does it appear that he is so encumbered by them that requiring compliance with the deadline would be unreasonable. A busy schedule, by itself, is not good cause for more time.

*Id.*

Lee's motion does not acknowledge any of this authority, and does not offer any other pertinent authority on what events or series of events constitutes good cause for an extension of time. Because he has not identified any authority under which counsel's proffered reason for an extension—his inability to complete research due to commitments in other matters—constitutes the type of "unforeseen and uncontrollable" events that give rise to good cause, *see Turner*, 498 U.S. at 1306, he has failed to satisfy the requirements for an extension of the time to appeal under Federal Rule of Appellate Procedure 4(a)(5). Accordingly, his motion for an extension of time is denied.

In the interests of completeness, the court considers whether Lee's motion for an extension of time can be construed as a notice of appeal. The court may in limited circumstances construe a motion for an extension of time to appeal as a notice of appeal, but only if the motion expresses an intent to appeal. *See* Fed. R. App. P. 3(c)(4) ("An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice."); *see also Listenbee v. City of Milwaukee,* 976 F.2d 348, 350 (7th Cir. 1992) (construing *pro se* plaintiff's motion for extension of time as a timely-filed notice of appeal where the motion "notified the defendants of plaintiff's intent to appeal the judgment"). Lee's motion expresses no such intent. To the contrary, the motion makes clear that Lee was aware of the deadline to appeal, and chose to not yet file a notice of appeal because counsel had not conducted research sufficient to "completely guide Plaintiff as to whether the Court of Appeals may reverse in view of the 2011 *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011), opinion . . . ." Given that

**STATEMENT**

Lee expressed an intent not to file a notice of appeal until counsel had completed his research, Lee's motion for an extension cannot be construed as a notice of appeal.

In summary, Lee's motion for an extension of time to appeal is denied.

rs/cpb